# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No. 6:08-cr-01019-JMC-1 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Thomas Castro, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on *pro se* Defendant Tomas Castro's ("Defendant") letter to the court, which appears to seek relief pursuant to 28 U.S.C. § 2255. (ECF No. 35.) For the reasons set forth below, the court directs Defendant to give notice of his intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion.

## I. Factual and Procedural History

On October 14, 2008, Defendant was indicted by a grand jury of (1) being a felon in possession of ammunition, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e), and (2) being a prohibited person (illegal alien) in possession of ammunition, pursuant to 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2), and 924(e). (ECF No. 2-1.) On November 19, 2008, Defendant pleaded guilty to Counts 1 and 2 of the indictment. (ECF No. 22.) On April 2, 2009, Defendant was sentenced to 108 months in prison as to Counts 1 and 2 of the indictment to run concurrently and supervised release of 3 years as to Counts 1 and 2 to run concurrently. (ECF No. 29.)

On July 18, 2016, Defendant filed this instant letter, which could be understood as essentially seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 35.) In his letter, Defendant contends that, at his sentencing, his criminal history score was increased eight to sixteen points pursuant to U.S.S.G. § 2L1.2 (b)(1). (*See* ECF No. 35 at 1.)

1

Defendant essentially argues that U.S.S.G. § 2L1.2 (b)(1) uses the same definition of crime of violence at issue in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause definition of a crime of violence in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutional. (*See id.* at 1–2.) Defendant argues that the residual clause definition of a crime of violence was used to sentence him under U.S.S.G. § 2L1.2 (b)(1). (*See id.*) Therefore, Defendant argues that he is entitled to a sentence reduction. (*See id.*)

## II. Legal Standard

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: that the sentence was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, and that the sentence is otherwise subject to collateral attack. *Id.* However, section 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." *Davis v. U.S.*, 417 U.S. 333, 346 (1974). A petitioner collaterally attacking his conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

### III. Analysis

First, the court observes that Defendant did not conclusively characterize his letter to the court as a § 2255 motion. (See ECF No. 35.)[1] However, to avoid overly stringent application of labeling requirements, federal courts will occasionally "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). But a district court may not recharacterize a pro se litigant's motion as a first § 2255 motion, unless the court "notif[ies] the *pro se* litigant that it intends to recharacterize the pleading, warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383. "If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

It is important for Defendant to give clear notice of his intention to file the instant motion as a § 2255 motion because, if the court characterizes it as such, it will most likely be dismissed on procedural grounds or dented on substantive grounds. Section 2255(f) imposes a one-year period of limitation to file a § 2255 motion.[2] In the instant case, the relevant date for determining

---

[1] The court notes that Defendant did not expressly label his letter as a § 2255 motion, but stated that he "wants the attorney's Public Defender office to be Appointed to his/her case and hopefully this letter will be used as 28 U.S.C. 2255…." (ECF No. 35 at 2.)

[2] Specifically, the limitation period runs from the latest of:
    **(1)** the date on which the judgment of conviction becomes final;
    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

the limitation period would be either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C § 2255(f)(1), (3). First, Defendant's motion would most likely be barred under subsection (1) because he did not file it within a year of the date on which the judgment of his conviction became final. 28 U.S.C § 2255(f)(1). For purposes of the one-year limitation period, if a defendant declined to pursue direct appellate review, his or her conviction becomes final on the date on which the district court entered his judgment of conviction. *See U.S. v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).[3] The court sentenced Defendant on April 2, 2009. Because Defendant did not file a direct appeal, his conviction became final on April 2, 2009. Here, Defendant's motion is untimely because he filed it on July 18, 2016, well beyond one year after his conviction became final. (*See* ECF No. 35.)

Additionally, it appears that Defendant's motion would be barred because he filed his motion more than a year after *Johnson* was decided. Section 2255(f)(3) provides that a petitioner has a year to file a § 2255 motion after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

---

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[3] The court recognizes that *Clay v. United States,* 537 U.S. 522 (2003), implies that a conviction becomes final upon expiration of the time for filing an appeal. Here, that date would be April 16, 2009. *See* FED. R. APP. P. 4 (b)(1) (stating that a criminal defendant has 14 days to file an appeal after the entry of judgement or order being appealed). However, the Fourth Circuit has not explicitly overruled *Sanders,* which holds that, if a defendant does not appeal, a conviction becomes final the date judgment is entered by the district court. Consequently, this court follows *Sanders*, although Defendant's motion is untimely under either *Clay* or *Sanders*.

4

and made retroactively applicable to cases on collateral review." Here, Defendant asserts that *Johnson* applies to his case. However, even if *Johnson* applied to his case (which it does not[4]), Defendant's motion is untimely. Specifically, Defendant filed the instant motion on July 18, 2016, over a year after the date *Johnson* was decided, June 26, 2015. (*See* ECF No. 35.)

Furthermore, if the court characterizes Defendant's letter as a § 2255 motion, equitable tolling will most likely be unavailable. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Whiteside v. U.S.*, 775 F.3d 180 (4th Cir. 2014) (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). Specifically, "equitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Whiteside v. U.S.*, 775 F.3d 180 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Here, Defendant has failed to demonstrate that he has been pursuing his rights diligently and he has failed to assert any extraordinary circumstances that prevented him from timely filing. Therefore, if the court were to characterize Defendant's letter as a § 2255 motion, it would most likely be procedurally barred.

On the other hand, if the court characterizes Defendant's letter as a § 2255 petition it will most likely be dismissed, even if it is not procedurally barred, because it has no merit.

---

[4] The Supreme Court recently held that *Johnson*-style analysis does not apply to cases involving the residual clause definition of a crime of violence in U.S.S.G. § 41B.2(a)(2), nor would it apply to U.S.S.G. § 2L1.2, as Defendant asserts. *See Beckles v. United States*, 137 S. Ct. 886 (2017). Moreover, any argument that such analysis applies to U.S.S.G. § 2L1.2 appears irrelevant because U.S.S.G. § 2L1.2 was not used in the calculation of Defendant's sentence. (*See* ECF Nos. 28, 30.)

Specifically, Defendant's claims have no merit because U.S.S.G. § 2L1.2 (b)(1) was not used in the calculation of his sentence. (*See* ECF Nos. 28, 30.)

## IV. Conclusion

For the foregoing reasons, the court directs Defendant to give notice of his intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion. Additionally, the court directs the clerk of court to send Defendant the applicable forms for filing a § 2255 motion.

**IT IS SO ORDERED.**

United States District Judge

June 2, 2017
Columbia, South Carolina